UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAMS ABBAS,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>*Defendant*. | Civil Action No. 1:20-cv-03192 (CJN) |

## MEMORANDUM OPINION AND ORDER

Shams Abbas, a United States citizen residing in Massachusetts, married Danish Mehdi, an Indian citizen living in Saudi Arabia, in May 2019. Pl.'s Opp'n. to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 2, ECF No. 8. The next month Abbas filed with the United States Customs and Immigration Services (USCIS) an I-130 Petition for Alien Relative ("Form I-130") on Mehdi's behalf. Compl., ECF No. 1, at 5. That form remained pending before the agency for seventeen months. *Id.* When Abbas inquired about its status, USCIS informed her that Mehdi's security clearance was pending. *Id.* In November 2020, having still not received a decision, Abbas filed this suit alleging counts of unreasonable delay under the Administrative Procedure Act and a violation of the Due Process Clause of the Fifth Amendment. *See generally* Compl. Her suit sought a writ of mandamus compelling the government to adjudicate both her I-130 Petition as well as Mehdi's immigrant visa application. *Id.* at 9.

USCIS finally approved Abbas's Form I-130 on December 4, 2020. Defs.' Mot. at 1. Between December 4, 2020 and January 12, 2021, Abbas's case was transferred from USCIS to the National Visa Center ("NVC"), the U.S. State Department division responsible for visa

1

adjudication, for processing. *Id.* at 2. On January 12, 2021, the NVC notified Mehdi to pay certain fees and submit the required documents in furtherance of his visa application, which he did on February 3, 2021. Pl.'s Opp'n at 4.

On January 12, 2021, the same day the NVC requested that Mehdi submit his visa application materials, the government moved to dismiss this action for lack of jurisdiction. Defs.' Mot. at 1. The government argues that Abbas's claims are non-justiciable because her claims relating to her I-130 are moot and her claims regarding Mehdi's visa presented a non-cognizable injury at the time of filing. Compl. 5–6.[1] To satisfy the requirements of Article III standing in a case challenging government action, a party must allege an injury-in-fact that is fairly traceable to the challenged government action, and "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). A plaintiff must have standing for every claim raised, *see DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352–53 (2006), and standing on each claim is determined at the time the plaintiff files her complaint, *Barker v. Conroy*, 921 F.3d 1118, 1125 (D.C. Cir 2019). If during the litigation a claim is resolved such that there is no longer a "live" dispute between the parties that claim is moot, and the Court cannot exercise jurisdiction over the claim because there no longer exists an Article III case or controversy. *See Lewis v. Continental Bank Corp.*, 494 U.S.

---

[1] Federal courts are, of course, courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation omitted). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), Abbas bears the burden of establishing the Court's subject-matter jurisdiction. *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015). When evaluating a motion to dismiss under Rule 12(b)(1), the court "assume[s] the truth of all material factual allegations in the complaint and 'construe[s] the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged' and upon such facts determine[s] jurisdictional questions." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). Without subject-matter jurisdiction over a claim, the Court must dismiss it. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006).

472, 477 (1990).[2]  In short, "[t]he doctrine of standing is set in a time frame:  The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980) (quoting Henry P. Monaghan, *Constitutional Adjudication: The Who and When*, 82 Yale L. J. 1363, 1384 (1973)).  Because courts must evaluate the justiciability of each claim, *DaimlerChrysler Corp.*, 547 U.S. 352–53, it is not unusual for courts to find that separate claims in the same suit are non-justiciable for different reasons.  *See, e.g.*, *Ariz. Publ. Serv. Co. v. EPA*, 211 F.3d 1280, 1284 (D.C. Cir. 2000) (dismissing one claim as moot and another as unripe); *Nat'l Sec. Archive v. CIA*, 564 F. Supp. 2d 29, 35–37 (D.D.C. 2008) (dismissing claims concerning past FOIA requests as moot and claims concerning future FOIA requests as unripe).

<u>Form I-130 Adjudication</u>.  Abbas argues that the government unreasonably delayed adjudication of her Form I-130.  Compl. ¶ 19.  The government contends that it has already approved Abbas's Form I-130, and this claim is therefore moot.  Defs.' Mot. at 5.  The mootness doctrine limits Article III courts to deciding "actual ongoing controversies." *Clarke v. United States*, 915 F.2d 699, 700–01 (D.C. Cir 1990).  A case becomes moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982).

Federal district courts routinely dismiss as moot mandamus actions requesting adjudication of an I-130 petition once it has been adjudicated.  *See, e.g.*, *Martinez v. Mayorkas*, No. 1:13-cv-485, 2014 WL 4908447, at *3 (S.D. Ohio Sept. 30, 2014); *Nhung Thi Tran v. Holder, et al.*, No.

---

[2] The doctrine of mootness is subject to a number of exceptions.  *See, e.g.*, *FEC v. Wis. Right to Life, Inc.*, 551 U.S. 449, 457–60 (2007) ("capable of repetition, yet evading review" exception); *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 288 (1982) ("voluntary cessation" exception).  These exceptions are not present in this case and need not be discussed further.

3

DKS 10–2503, 2011 WL 3236098, at *2 (D. Md. July 27, 2011);.*Iredia v. Fitzgerald*, No. 10–228, 2010 WL 2994215, at *3 (E.D. Pa. July 27, 2010); *Brown v. Dep't Homeland Sec.*, No. 2007–0065, 2008 WL 2329314, at *1 (D.V.I. June 3, 2008); *Ordonez-Garay v. Chertoff*, No. CVF 06–1835 AWI SMS, 2007 WL 2904226, at *4 (E.D. Cal. Oct. 3, 2007). Here, Abbas's claims *vis-a-vis* her Form I-130 are indeed moot in light of the government's approval on December 4, 2020. Because there are no additional forms pending before USCIS, and indeed the government has already granted Abbas the very relief she seeks, the Court cannot grant any further relief on this issue.

Visa Adjudication. Abbas also claims that the government has unreasonably delayed adjudication of Mehdi's visa. Compl. ¶ 25. The government argues, however, that Abbas lacks standing because she was not suffering from an injury-in-fact regarding Mehdi's visa when she initiated this suit. Defs.' Mot. at 6. Standing is measured at the time a complaint is filed, *Baker*, 921 F.3d at 1125, and requires a plaintiff to identify an injury that is "imminent" or "certainly impending," *see Nat'l Treasury Emps. Union v. United States*, 101 F.3d 1423, 1427–28 (D.C. Cir. 1996).

At the time she filed her Complaint, Abbas's claims relating to Mehdi's visa presented a non-cognizable injury because she was awaiting issuance of her Form I-130 from USCIS and therefore could not point to a nondiscretionary duty that the State Department had failed to take. The processes for adjudicating I-130 petitions and for processing visa applications are distinct agency actions with different eligibility criteria managed by separate government entities. *See* Defendants' Reply in Supp. of Def's Mot. to Dismiss ("Defs.' Reply"), ECF No. 9, at 5. Obtaining a Form I-130 is necessary before a spouse can pursue a visa application, *see* 22 C.F.R. §§ 42.41, 42.42; until that time, the State Department has no obligation to act on the application. And after

USCIS has issued a Form I-130 petition, its involvement in the process ceases and is subsumed by State. Defs.' Reply at 5. Any injury Abbas could have alleged against the State Department relating to Mehdi's visa when she filed her Complaint would have therefore been purely speculative and not an injury-in-fact.

But aren't Abbas's claims relating to Mehdi's visa *now* presenting an injury-in-fact, given Mehdi's submission of all required visa application materials on February 3, 2021? Pl.'s Resp. at 8. Quite possibly. But because standing is evaluated at the time a complaint is filed, *Barker*, 921 F.3d at 1125, Abbas will need to amend her Complaint to allege that the State Department engaged in unreasonable delay after the case moved from USCIS to the NVC, *see Scahill v. District of Columbia*, 909 F.3d 1177, 1179 (D.C. Cir. 2018) (holding that "a plaintiff may cure a standing defect under Article III through an amended pleading alleging facts that arose after filing the original complaint").[3] Abbas's current Complaint (but not this case) is therefore dismissed without prejudice. Abbas (and/or Mehdi) may seek leave to file an Amended Complaint alleging that the State Department has engaged in unreasonable delay in adjudicating Mehdi's visa application.

For the reasons discussed above, it is hereby

**ORDERED** that Defendants' Motion to Dismiss, ECF No. 6, is GRANTED. It is further

---

[3] Abbas also alleges "on information and belief" that the government is refusing to rule on Mehdi's visa pursuant to the Controlled Application Review and Resolution Program (CARRP), which, she argues, delays the applications of individuals from predominately Muslim countries, like Mehdi, due to national security concerns. Compl. ¶¶ 27–30. In response, the government contends that it would have been infeasible for Abbas to suffer an injury as a result of CARRP, because it is exclusively a USCIS program and is not applied to I-130 petitions. Defs.' Reply at 2–3.

Abbas concedes that CARRP is a USCIS program, Compl. ¶ 27, but argues that her claims about the lawfulness of CARRP are sufficient to maintain standing. Merely invoking the term CARRP does not automatically result in a grant of Article III jurisdiction. Given that CARRP is not used in the Form I-130 context and that the State Department manages visa applications, CARRP does not apply to Abbas and neither she nor Mehdi have been affected by it. As the Complaint is currently framed, Abbas has not alleged an injury-in-fact, and thus does not have standing to pursue this claim. *See also Ghadmi v. United States Dep't of Homeland Sec.*, 2020 WL 1308376, at *2 (D.D.C. March 19, 2020) (holding there was no cognizable legal injury when a plaintiff alleged a delay in her I-130 petition and State Department visa application due to CARRP).

**ORDERED** that Plaintiff's Compliant, ECF No. 1, is DISMISSED without prejudice.

It is so **ORDERED**.

DATE:  August 29, 2021

CARL J. NICHOLS
United States District Judge